108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DANCO EXPLORATION, INC., Plaintiff-Appellant,
v.
STATE OF ALASKA, Alaska Department of Natural Resources;
John Shively, Commissioner, Department of Natural Resources;
James E. Eason, Individually and as Director, Division of
Oil and Gas, Department of Natural Resources; Carol D.
Wilkinson, Individually and as Supervisor, Lease Enforcement
Section, Division of Oil and Gas, Department of Natural
Resources, and; Glenn Olds, Defendants-Appellees.
 No. 95-35981.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1996.*
Decided Dec. 17, 1996.
 
 Appeal for the United States District Court for the District of Alaska, D.C. No. CV-94-00561; James K. Singleton, District Judge, Presiding.
 D.Alaska
 AFFIRMED.
 Before: NOONAN, THOMPSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danco's action against the State of Alaska, the Department of Natural Resources and various Department officers in their official capacities is barred by the Eleventh Amendment. Alaska's state tort claims act does not "specify the State's intention to subject itself to suit in federal court." Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985). The statute does not expressly subject the state to suit in federal court. The change in the statute appears, from its title, "Relating to the jurisdiction of the district court ..." and its content, to have broadened the state's consent to be sued from the Superior Court of the State of Alaska, to the District as well as the Superior Court of the State of Alaska. See AS 09.50.250; Ch. 119, § 1, SLA 1992. The change does not imply consent to be sued in federal court.
 
 
 3
 Ex Parte Young, 209 U.S. 123, 161 (1908), does not save Danco's claims for prospective injunctive relief from the Eleventh Amendment. Danco sought genuine prospective relief, a prohibition of discrimination against small oil companies in future oil lease sales. But it did not plead that any future sales were likely, or that it intended to bid in them. Danco therefore did not establish standing to request prospective relief. Caldwell v. LeFaver, 928 F.2d 331, 335 (9th Cir.1991); Los Angeles v. Lyons, 461 U.S. 95, 104-05 (1983).
 
 
 4
 The individual officials have qualified immunity from suit in their individual capacities. It was proper to adjudicate the qualified immunity issue early to protect the defendant officials from "the costs of trial or ... the burdens of broad-reaching discovery," Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). The rights Danco alleged the officials violated were not "clearly established" in this particular situation. Anderson v. Creighton, 483 U.S. 635, 639 (1987).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3